(20 Misc. Rep. 23.)

### UNION NUT & BOLT CO. v. DOHERTY et al.

(City Court of New York, General Term.   April 1, 1897.)

PARTNERSHIP—EXECUTION OF NOTE BY PARTNER—PRESUMPTION.

> A presumption arises that a note signed in the name of a firm was given for the individual debt of the partner who signed it, where it appears that the note was given for bicycles sold by the payee to such partner; that he was never authorized to deal in bicycles; that the firm never dealt in bicycles; that it never received any bicycles; and never received any consideration for the note or knew anything about it.

Appeal from trial term.

Action by the Union Nut & Bolt Company against Patrick H. Doherty and another on a promissory note. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendants appeal. Reversed.

Argued before FITZSIMONS and McCARTHY, JJ.

Macklin, Cushman & Adams, for appellants.
Harris & Corwin, for respondent.

McCARTHY, J. This is an appeal by the defendants, composing the firm of Doherty Bros. & Co., from a judgment for the sum of $1,546.13 entered against them on a verdict directed by the court after a trial before the court and a jury. The plaintiff, a foreign corporation, is the holder of a promissory note against these defendants, the alleged makers of the note, and one Charles Selig, the payee and indorser thereof. The defense interposed by the alleged makers of the note was substantially a general denial. They deny that the note was delivered to the plaintiff for value; and a separate defense is to the effect that they carried on the business of lake and transportation business, that the note in question was not made and delivered for a partnership purpose, and that the plaintiff took said note with notice that said note was not made and delivered for a partnership purpose. It is not contradicted that these defendants composing the firm of Doherty Bros. & Co. were engaged only in the canal, towing, transportation, and commission business, and had no business except lake and canal towing; that the note in question was made by the defendant Abbott, a member of the firm of Doherty Bros. & Co., who wrote the whole note and signed the firm name to it. The note was given by Abbott to Selig apparently for bicycles sold by Selig to Abbott personally. Selig gave the note to the plaintiff to apply it upon his pre-existing running account. Selig told the plaintiff that he obtained the note from Mr. Abbott. In behalf of Doherty Bros. & Co., it was testified that they never dealt in bicycles, never authorized Abbott to deal in bicycles, never received any bicycles, never received any consideration for the note, and never knew anything about it. The plaintiff made some inquiries in regard to Doherty Bros. & Co., and saw the sign over the door, reading, "The New York and Buffalo Transportation Company." Selig, who was a witness for the plain-

tiff, would not say that he did tell the plaintiff of the transaction in which he got the note. Defendants' counsel then asked to go to the jury, which was denied, and a verdict was 'directed for the plaintiff, and from the judgment entered thereon this appeal is taken.

It appears from the evidence that the defendants were in an entirely different business from that of the purchase and sale of bicycles, to wit, canal and boat transportation; and this was known to Selig, who sold the bicycles to Abbott, a partner of the other defendants. Selig did not know the other members of the firm, and was Abbott make out and sign the full name of the firm to the note in question, and then gave it to him in payment of the bicycles purchased a few days before. Here, then, was sufficient to create at least a presumption that Selig had taken the note for a private debt of Abbott, and thus put him on his inquiry. Of course, prima facie, the execution of the note in the name of the firm by one partner binds the whole, and the burden of proving presumptive want of authority, and, of course, fraud,—for that necessarily follows,— lies upon the partners. Martin v. Manufacturing Co., 122 N. Y. 165, 174, 25 N. E. 303. The fact, however, of the paper of the firm given out of the partnership business by one member without the knowledge or consent of the others is presumptive evidence 'of want of authority to bind the other members of the firm; and, if the person taking knows the fact at the time, he is chargeable with notice of such want of authority, and guilty of concurring in an attempted fraud upon the other partners. Earl, J., in Bank v. Underhill, 102 N. Y. 340, 7 N. E. 294, says:

"But, when one partner has a transaction with a third person which is neither apparently nor really within the scope of the partnership business, the partnership is not bound by his declarations or his acts in the transactions. He cannot, by his declarations, make that a partnership transaction which does not appear to be such, and which is apparently and really an individual transaction. In such a case the third person has notice that the transaction is outside of the partnership business, and he cannot rely upon the partnership credit."

If the above be true, this note would have been void in the hands of Selig, and the question should have gone to the jury. Now, then, since presumptively Selig had no title to the note, the one to whom he transferred it would get no better title, and that particularly when the note was given for a precedent debt. This will be observed from the evidence of the plaintiff's witness Ventres:

"My company's office is at 107 Chambers street and No. 91 Reade 'street, New York. Its business is manufacturing of bolts and nuts and heavy hardware, and we also have a bicycle department. We do not manufacture bicycles. So far as we know, Mr. Selig's business was a general commission dealer. We have had business with him since last November or December. I have forgotten when, exactly. He had a running account with our firm. At the time I received this note from him, there was a running account. Q. Do you know what was the state of this account at the time you received this note in regard to the amount due him to your company? A. I should say, taking into consideration that bill, a couple of thousand dollars. The note was not the exact amount of the bill. It was given in payment of a bill for

bicycles, which amounted to something more than $1,425,—something about $1,550. These bicycles had been purchased prior to the giving of this note, and had been charged to Mr. Selig by our concern. We did not ask him for the note. He came and offered this note to us; prior to the time we took it. I should think, perhaps, two or three days, or something of that kind. We did not retain the note in our possession during these two or three days. I did not take it the first time he offered it, simply because L told him we would look up the parties, to see if they were all right."

The rule is well settled that one who receives a note before due,. and without notice or knowledge of any fraud in its inception or· transfer, but for a precedent debt, and without parting with value、 or any valuable consideration, does not acquire a valid title to the· note, but takes it subject to all its infirmities, precisely as if he had. taken it after dishonor, or with knowledge of all the circumstances affecting its validity. Lawrence v. Clark, 36 N. Y. 128. There is. no evidence that the plaintiff sold the goods to Selig on the faith. and credit of this particular note, and, even if such an interpretation or impression can be conveyed, Selig contradicts this, and says it was on the account he owed to the plaintiff. The case then. shows that there was a conflict of evidence, as well as that all the witnesses were interested, and that it was necessary to show that the plaintiffs obtained this note before maturity, for value, in good. faith, and without any knowledge or notice of the same being tainted with fraud. This, we think, ought to have been submitted to· the jury. The learned trial justice therefore erred in refusing to· permit the defendants to go to the jury, and in directing a verdict for the plaintiff.

This question was excluded during the trial: "Q. Did you make any other inquiries, except going down there and inquiring at the· office of Doherty Bros. & Co.?" This was error, as the plaintiff was bound to show that they had no knowledge or notice of the fraud,. or of the infirmities of this note.

The judgment and order are reversed, and a new trial granted,. with costs to the appellants to abide the event.

FITZSIMONS, J., concurs.